**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY W. WILSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:26-cv-00144-SNLJ |
| ANITA MCLARIN, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Rodney W. Wilson brings this civil action under 42 U.S.C. § 1983 for alleged violations of his civil rights. [Doc. 1]. The matter is now before the Court upon two motions filed by Plaintiff: an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] and a motion for appointment of counsel [Doc. 3]. As explained below, based on the financial information submitted, the Court will grant the motion to proceed without prepayment and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, as there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for counsel, subject to refiling at a later date. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

**Motion to Proceed without Prepayment & Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff was being held at the Doniphan Detention Center when he filed this action. [Doc. 2 at 1]. However, Plaintiff recently notified the Court that he is now incarcerated at the Eastern Reception Diagnostic & Correctional Center (ERDCC) in Bonne Terre, Missouri. [Doc. 4]. Plaintiff informed the Court, in a letter attached to his motion to proceed without prepayment, that his request for a certified inmate account statement at the Doniphan Detention Center had been refused. [Doc. 2-1]. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his current prison account statement from ERDCC, in support of his claim.

**Motion for Appointment of Counsel**

Plaintiff also filed a motion seeking appointment of counsel in this matter. [Doc. 3]. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir.

2013). Once a plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves consideration of several relevant criteria, including the complexity of the legal issues and arguments, the ability of the indigent person to investigate the facts and present the claims, and the existence of conflicting testimony. *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as a defendant has not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the institution having custody of Plaintiff shall, whenever the amount in Plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [Doc. 3], is **DENIED without prejudice**.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 19th day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE